## C. H. SWALLOW & CO., Appellant, v. KOLTERMAN, Respondent.

### (192 N. W. 720.)

(File No. 5113. Opinion filed March 14, 1923.)

**Specific Performance—Tender—Abstracts of Title—Partial Performance—Seller Failing to Tender Full Performance Not Entitled to Remedy.**

Where a contract for the sale of land provided that the purchaser agreed to accept a copy of abstract with the written opinion of the seller's attorney as satisfactory evidence of good title, the seller could not specifically perform, where it has not tendered such opinion along with the abstract; the fact that the contract had been partially performed being under Rev. Code 1919, Sec. 759, of no effect.

Appeal from Circuit Court, Fall River County; Hon. Walter G. Miser, Judge.

Action by C. H. Swallow & Co., an express trust, against William Kolterman. Judgment for defendant on demurrer and plaintiff appeals. Affirmed.

*P. F. Ward* and *Chas. S. Eastman,* both of Hot Springs, for Appellant.

*Helm & Lewis,* of Hot Springs, for Respondent.

Appellant cited: Rev. Code 1919, Sec. 2016; that question must be raised by answer: DeFord v. Hyde, 10 S. D. 386, 73 N. W. 265; Sturtz v. Ommen, 32 S. D. 396, 143 N. W. 288; Symns Power Co. v. Kennedy, 33 S. D. 355, 146 N. W. 570; Stinson v. Elfman, 26 S. D. 134, 128 N. W. 588.

Respondent cited: Distinction between alleged performance and mere offer to perform: Crumbly v. Bardon, 70 Wis. 385, 36 N. W. 19; Lattin v. Hazard, 91 Cal. 87, 27 Pac. 515; Sundeback v. Gilbert, 8 S. D. 359 (361), 66 N. W. 941.

ANDERSON, P. J. Amended complaint is substantially: That plaintiff is an express trust. That in February, 1921, parties made a written contract (plaintiff will be called company and defendant will be called purchaser). For consideration named the company sold to purchaser lot 16, block 65, Alamo Land & Sugar Company. Purchaser bought and agreed to pay company $11,404. thus: First payment $9,200, check or draft for $1,000, $8,200 evidenced by notes of purchaser payable to company. On demand $6,000, which may be paid either in cash or by deeding to company three houses and lots in Hot Springs, S. D. Company to have 30 days to inspect and accept or reject properties. Note due on demand, $2,200, payable at option of purchaser in cash or by transferring to company or order one first mortgage and note for $1200 secured by 160 acres of land, Jackson county, S. D., and first mortgage note for $1,000 secured by 160 acres near Hay Springs, Neb. Company has 30 days to inspect property and mortgages securing notes, and to accept or reject same as earnest money and first payment. For balance purchaser to assume vendor's lien notes on land in deferred payments; balance in five equal annual payments on February 16th of each year; interest 6 per cent. When purchaser has paid first payment and delivered to company vendor's lien notes for balance purchase price, company will convey property by warranty deed subject only to vendor's lien for unpaid purchase price. Company agrees to deliver to purchaser a warranty deed and provide a printed copy of abstract of title to property as prepared by company with written opinion of R. B. Creager, attorney at law, Brownsville, Tex., title to be conveyed by deed in fee simple subject only to liens, and purchaser agrees to accept such copy of abstract and opinion as satisfactory evidence of good title. Purchaser not to take possession before first payment and delivering vendor's lien notes. If purchaser fails to make first payment or fails to execute vendor's lien notes on demand of company, then whole amount then remaining unpaid on contract shall at option of company become due and payable without notice. Company may elect to declare

contract forfeited and retain all moneys and notes in its possession as liquidated damages. Before making contract, purchaser inspected the property described. After making contract and delivery of note referred to as "Exhibit A," purchaser elected to pay said $5,000 note by conveyance of the three houses and lots in Hot Springs, also elected to turn over to company note and mortgage of $1,200 secured on Jackson county land; also $1,000 note secured by mortgage on Hay Springs land; also turn over to company-abstract of title to Jackson county land for examination. After exercising option to pay said notes and his notice to company of such exercise, the company made examination of the Hot Springs and Jackson county and Hay Springs properties, and on March 10, 1921, notified purchaser that it had made inspection of all the properties involved and would accept the Hot Springs properties in lieu of the $6,000 note. Also, that it would accept the $1,200 note secured by the Jackson county land, and the $1,000 note secured by Hay Springs land in lieu of $2,200 in cash. At making of contract purchaser drew draft in favor of company on People's National Bank of Hot Springs for $1,000. On April 1, 1921, company tendered to purchaser abstract of title of the properties to be conveyed, said to show merchantable and marketable title thereto, and tendered purchaser warranty deed to said properties subject to vendor's liens for $2,204, which purchaser agreed to assume, or to pay remainder of purchase price in cash and have vendor's liens released. Company demanded of purchaser a compliance with the terms of the contract; tendered purchaser abstract of title and warranty deed. Company then presented said $1,000 draft to People's National Bank of Hot Springs, but payment thereof was refused.

To this complaint the defendant, purchaser, interposed a general demurrer to the effect that the complaint fails to state facts sufficient to constitute a cause of action.

In an action for specific performance of contract to convey real property, it is fundamental that plaintiff's complaint must upon its face show that plaintiff has itself done and performed all things necessary and requisite entitling plaintiff to the decree sought. In this case we are persuaded that plaintiff has fallen short. If any offer of performance is shown, it is a partial per-

formance.  Under our statute such a performance is of no effect. R. C. § 759.

Embodied in plaintiff's complaint we find the following:

"The company agrees that it will deliver to said purchaser with a warranty deed as above provided a printed copy of the abstract of title of said property as prepared by the company with a written opinion of R. B. Creager, attorney at law, of Brownsville, Tex.  That title is conveyed by said deed in fee simple subject only to the liens herein excepted, and the said purchaser agrees to accept said copy of the abtstract with said written opinion as satisfactory evidence of good title."

From the record in this case it conclusively appears that defendant never had tendered to him any written opinion by said attorney, or by anybody else.  The furnishing of abstract and of such written opinion constitute, as we view it, a condition precedent, compliance with which must be shown in order to entitle plaintiff to a decree of specific performance.

We think the lower court properly sustained defendant's demurrer, and the action of the trial court is, accordingly, affirmed.

Note—Reported in 192 N. W. 720.  See American Key-Numbered Digest, Specific Performance, Key-No. 94, 36 Cyc. 701, 25 R. C. L. 331; 27 R. C. L. 483.

On necessity of perfecting title before time for performance in order to hold vendee, see note in 3 .L R. A. (N. S.) 103.